UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HECTOR VARGAS, JORGE ANDRADE, and
AMILCAR PORTILLO on behalf of themselves and
others similarly situated,

                                                       **ORDER**
                Plaintiffs,                    CV 15-4288 (LDW)(ARL)

    -against-


BLACK FOREST BREW HAUS, L.L.C., and TODD
WAITE, in his individual capacity,

                         Defendants.
------------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the Court is the plaintiffs' motion to conditionally certify a collective action pursuant to Section 216 (b) of the Fair Labor Standards Act ("FLSA"), to provide judicial notice of the lawsuit to all collective action members and to compel the defendants to produce the names, addresses and telephone numbers of all non-exempt hourly "back of the house" employees for the last six years. The defendants oppose the motion. For the reasons that follow, the plaintiffs' motion for conditional certification and court-ordered notice is granted. The defendants are directed to provide the names, last known addresses and telephone numbers for the putative class consistent with this order.

                                                       **BACKGROUND**

      On July 22, 2015, the plaintiffs, Hector Vargas ("Vargas"), Jorge Andrade ("Andrade"), and Amilcar Portillo ("Portillo") (collectively the "named plaintiffs"), commenced this action against the defendants, Black Forest Brew Haus, L.L.C. ("Black Forest"), and Todd Waite, seeking unpaid overtime wages pursuant to the Fair Labor Standards Act ( "FLSA"), 29 U.S.C. §§ 201, et seq., New York Labor Law ("NYLL") § 650; and 12 New York Codes, Rules, and

Regulations "NYCRR") § 142. Compl., ¶ 3. Black Forest is a limited liability company engaged in the restaurant and bar business in Farmingdale, New York. *Id.*, ¶¶ 16, 17. Its gross yearly sales are not less than $500,000. *See* Doc. No. 16. The individual defendant, Todd Waite ("Waite") is the owner of Black Forest and has authority to make payroll and personnel decisions. *Id.* at ¶¶ 20-21. The named plaintiffs are current and former employees of Black Forest. *Id.*, ¶¶ 12-14.

According to the complaint, Vargas worked for the defendants from 2008 to June 13, 2015. *Id.*, ¶ 12. Andrade was hired by the defendants in July 2013, and remains employed. *Id.*, ¶ 13. Portillo, who also remains employed, has worked for the defendants since 2009. *Id.*, ¶ 14. The named plaintiffs assert that during the term of their employment, they and other members of the putative class worked in the kitchen as laborers, performing non-exempt duties including, dishwashing, cleaning the kitchen, preparatory cooking and cooking. *Id.*, ¶ 25. The named plaintiffs all assert that they regularly worked more than forty hours a week, but were not paid over time at the rate of one and one-half times the regular hourly rate of pay. *Id.*, ¶ 32.

By way of example, Vargas routinely came to work Tuesdays from 11:00 a.m. to 11:00 p.m., Thursdays from 3:00 p.m. to 12:30 p.m., Fridays from 1:00 p.m to 1:00 a.m., Saturdays from 4:00 p.m. to 1:00 a.m. and Sundays from 9:30 a.m. to 11:00 p.m. *Id.*, ¶ 27. Portillo, who started off as a dishwasher, asserts that he initially worked six or seven days a week from 10:00 a.m. to 11:00 p.m. *Id.*, ¶ 28. After becoming a cook, Portillo worked five days a week, but continued to work in excess of forty hours. *Id.*, ¶ 29. On Tuesday and Thursdays, he would work from 10:00 a.m. to 10:00 p.m. or 11:00 p.m. *Id.* On Fridays, he would work from 10:00 a.m. to 11:00 p.m. *Id.* On Saturdays he would work from 11:00 a.m. to 11:00 p.m. and, on Sundays, he would usually work from 9:30 a.m. to 9:00 p.m. *Id.*

The named plaintiffs' hourly wages ranged from $7.25 to $10 per hour. *Id.*, ¶ 33. However, according to the plaintiffs, the defendants maintained a double book system, paying the plaintiffs a maximum of thirty-five hour by check. *Id.*, ¶36. Anything over thirty five hours was paid in cash, at straight time rate, off the books. *Id.* Thus, the plaintiffs' pay stubs do not reflect any of the hours worked in excess of forty hours although they were required to punch a time clock and the time clock records should accurately reflect the hours worked. *See id.*, ¶30.

## DISCUSSION

*A.     Standards for Conditional Certification*

The FLSA provides a private right of action to recover unpaid overtime compensation and liquidated damages from an employer who violates the Act's provisions. *See* 29 U.S.C. § 216 (b). Pursuant to the FLSA, employees may maintain a collective action to recover overtime wages where the employees are "similarly situated" and give consent to become a party in writing with the court. 29 U.S.C. § 216(b); *see Francis v. A&E Stores, Inc.*, No. 06 Civ. 1638, 2008 WL 2588851, at *1 (S.D.N.Y. June 26, 2008), *adopted as modified by* 2008 WL 4619858 (S.D.N.Y. Oct. 15, 2008). "[D]istrict courts have discretion, in appropriate cases, to implement [§ 216 (b)] . . . by facilitating notice to potential plaintiffs of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Klimchak v. Cardrona, Inc.,* No. 09 Civ. 4311, 2011 WL 1120463, at *4 (E.D.N.Y. Mar. 24, 2011).

In FLSA collective actions, courts typically undertake a two-step method of certification. *See Myers v. Hertz Corp.,* 624 F.3d 537, 554-55 (2d Cir. 2010). At the first stage (known as the conditional certification stage), "the court examines pleadings and affidavits, and if the court finds that proposed class members are similarly situated, the class is conditionally certified; potential class members are then notified and given an opportunity to opt-in to the action." *Cuzco v. Orion*

3

*Builders, Inc.*, 477 F. Supp. 2d 628, 632 (S.D.N.Y. 2007); *see Myers,* 624 F.3d at 554-55. The second stage (known as the decertification stage) occurs after completion of discovery, when the court "examines the record and again makes a factual finding regarding the similarly situated requirement; if the claimants are similarly situated, the collective action proceeds to trial, and if they are not, the class is decertified, the claims of the opt-in plaintiffs are dismissed without prejudice, and the class representative may proceed on his or her own claims." *Francis*, 2008 WL 2588851, at *1 (internal quotation marks and citation omitted); *see Myers,* 624 F.3d at 555 at n.10.

"Because certification at this first early stage is preliminary and subject to reevaluation, the burden for demonstrating that potential plaintiffs are 'similarly situated' is very low." *Jie Zhang v. Wen Mei, Inc.*, No. CV14-1647 JS SIL, 2015 WL 6442545, at *4 (E.D.N.Y. Oct. 23, 2015)(citing *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386, 2012 WL 1514810, at *9 (S.D.N.Y. May 1, 2012) (internal quotation and citation omitted)). "To satisfy their burden at this first step and achieve 'conditional certification,' plaintiffs must make only a 'modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.'" *Amador v. Morgan Stanley & Co. LLC*, No. 11-CV-4326, 2013 WL 494020, at *2-3 (S.D.N.Y. Feb. 7, 2013) (quoting *Myers,* 624 F.3d at 555). That is, "[t]he court must find 'some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims' of particular illegal practices." *Jin Yun Zheng v. Good Fortune Supermarket Group (USA), Inc.,* No. 13-CV-60, 2013 WL 5132023, at *4 (E.D.N.Y. Sept. 12, 2013) (internal quotation marks and citations omitted).

Nonetheless, while "the plaintiff[s'] burden at this initial stage is not onerous, mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise

must be made." *Prizmic v. Armour, Inc.*, No. 05-CV-2503, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (internal quotation marks and citations omitted). Thus, "[a] plaintiff must provide actual evidence of a factual nexus between his [or her] situation and those he [or she] claims are similarly situated rather than mere conclusory allegations." *Id.* at *2 (citations omitted). With these standards in mind, the Court considers the plaintiffs' motion.

      B.      *Analysis*

The plaintiffs seek to conditionally certify a collective action consisting of employees who served as "back of the house" employee, namely, dishwashers, kitchen cleaners, preparatory cooks and cooks. In support of the motion, the plaintiffs have submitted affidavits from each of the named plaintiffs. In addition to the allegations set forth in the complaint, Andrade asserts in his affidavit that he often worked along side Leonardo Martinez, Jeffrey Munez, Mariano Munez and Santos Munez and "in speaking among [themselves, they] established that [the defendants] were using a double book system" . . . and paying them "at the straight time rate irrespective if they were overtime hours or not." Andrade Aff., ¶ 9. Vargas attests that "[e]very Friday, [he] would see Todd Waite come to the kitchen and give out checks and white envelopes filled with cash to all employees working. [He] would speak to the other employees about the way [they] were getting paid and [they were all] getting paid the same way." Vargas Aff., ¶ 9. Portillo attests that his co-workers Elvin Portillo, Ernesto Mejia, Joel Sangino and Omar Gano worked as back of the house employees and were similarly situated." Portillo Aff., ¶ 9. Disregarding these submission, the defendants suggest that the plaintiffs have failed to reference other employees of the defendants, to describe the details of their observations or conversations or to allege a common policy or plan. Pls. Mem. 5-6. This is simply not the case. While the plaintiffs' affidavits do not specifically identify the job duties of other employees referenced in their affidavits or state when

5

the discussions concerning the defendants' double book system took place, "the court must 'draw all inferences in favor of the [p]laintiff. . . at the preliminary certification stage." *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 446 (S.D.N.Y. 2013)(quoting *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629(KPF), 2013 WL 5211839, at *4 (S.D.N.Y. Sept. 16, 2013)); *Mendoza v. Ashiya Sushi 5, Inc.,* No. 12 Civ. 8629, 2013 WL 5211839, at *5 (S.D.N.Y. Sept. 16, 2013)(finding plaintiff's sworn observations of and conversations with other employees enough to satisfy modest showing). Accordingly, the defendants' argument are insufficient to defeat conditional certification, and the court finds that the plaintiffs have sufficiently made the "modest factual showing" necessary to demonstrate that dishwashers, kitchen cleaners, preparatory cooks and cooks were victims of a common policy or plan to deprive them of overtime pay.

C. *Notice of Pendency*

The Court finds that the proposed Notice is generally sufficient to provide potential class members with accurate notice concerning the pendency of this action. The Notice provides instructions on how to opt-in to this action and states, in bold, that no determination has been made that a potential class member is owed overtime wages. Pls. Mem, Ex. D. The Notice also provides the contact information for plaintiffs' counsel, but it clearly states that plaintiffs' counsel may obtain alternative representation. Nonetheless, the court directs that plaintiffs to make the following amendments to the Notice: (1) the notice should clarify that the potential opt-in plaintiffs is limited to dishwashers, kitchen cleaners, preparatory cooks and cooks; (2) the Notice should clearly indicate that it is limited to individuals covered by the six year statute of limitations;[1] (3) the language indicating that the lawsuit is pending before the Honorable Magistrate Lindsay and

---

[1] The Court finds that it is appropriate to provide notice to potential plaintiffs who may have viable state law claims within the six-year statute of limitations period, even if those plaintiff's FLSA claims are time-barred. *Klimchak,* 2011 WL 1120463, at *7.

that the Notice "is being circulated pursuant to the Order of the Honorable Judge Lindsay . . ." should be removed; (4) the Notice should include the first two sentences proposed by the defendants denying liability and the defendants' counsel's contact information[2]; and (5) the Notice should include a 60 day time limit from the date of the notice to opt-in.[3]

The balance of the defendants' requests with respect to the Notice are denied. The Court directs that copies of the Notice and Consent Form be distributed to potential class members in both Spanish and English. One week prior to the distribution, counsel for the plaintiffs is directed to provided defense counsel with a revised Notice consistent with this order.

E. *Contact Information*

The plaintiffs have requested an order directing the defendants to produce the names, last known addresses and phone numbers for all potential class members for the relevant time period. Courts routinely order the discovery of contact information in collective actions and the defendants do not appear to oppose the request. *See e.g., Puglisi v. TD Bank, N.A.*, No. 13 Civ. 0637(LDW)(GRB), 2014 WL 702185, at *6 (E.D.N.Y. Feb. 25, 2014). Accordingly, the defendants are directed to provided the plaintiffs with a list of names, last known addresses and

---

[2]Court's routinely permit parties to advise potential class members that they can contact both parties' attorneys for more information. See *Guzman v. VLM, Inc.,* No. 07-CV-1126 (JG) (RER, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007)(citing *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp.2d 101, 107-08 (S.D.N.Y.2003)(ordering that notice provide contact information on both attorneys and means to obtain further information). However, to prevent any improper and potentially coercive communications with members of a putative class, the defendants shall not initiate contact with any putative class member without first notifying plaintiffs' counsel.

[3]Courts have held that a sixty day period is sufficient for the return of Consent Forms. See *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 452 (S.D.N.Y. 2011)(citing *Bowens v. Atl. Main. Corp.*, 546 F. Supp.2d 55, 85 (E.D.N.Y.2008)).

telephone numbers for the putative class by May 31, 2016.


Dated: Central Islip, New York
       May 17, 2016

                  _____/s/_____
                  ARLENE R. LINDSAY
                  United States Magistrate Judge